UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MICHAEL SALYERS, et ux., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 13-109-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES BUREAU OF | ) | **MEMORANDUM OPINION** |
| PRISONS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is pending for consideration of the Motion to Dismiss filed by Defendants Charles E. Samuels, Jr., and the United States Bureau of Prisons. [Record No. 29] The plaintiffs have not responded to the motion within the time permitted by LR 7.1. Although it is not responsive to the current motion, the Court has considered the arguments contained in the plaintiffs' response to the defendants' original motion to dismiss. That response was filed on August 22, 2013. [Record No. 19] The arguments contained in that response does not alter the analysis set forth herein. Having considered the arguments contained in the defendants' motion, the Court will grant the relief sought.

**I.**

On November 4, 2011, Michael Salyers ("Salyers"), Naomi Johnson, Earl Young, and Jackie Jennings were indicted by a federal grand jury and charged with conspiring to buy votes in violation of 18 U.S.C. § 371. In Counts 2 through 8 of the Indictment, Salyers was

-1-

charged with making illegal payments to certain individuals for their votes in violation of 42 U.S.C. § 1973i(c). [*See* United States v. Michael Salyers, et al., U.S. Dist. Ct., E.D. Ky., Central Div. at Lexington, Case No. 5: 11-143-KKC; Record No. 1 therein.] Salyers entered a guilty plea to the conspiracy charge on February 8, 2012. [*Id.* at Record No. 56 therein]

Following Salyers' guilty plea, Chief United States District Judge Karen K. Caldwell scheduled a sentencing hearing for May 23, 2012. On that date, Salyers' was sentenced to a term of 60 days' incarceration, followed by a term of supervised release of one year. [*Id.*; at Record No. 93] While on supervised release, Salyers was subject to electronic monitoring and was required to perform 120 hours of community service. Salyers was allowed to report the institution designated by the Bureau of Prisons by June 6, 2012. [*Id.*][1]

Due to the brief period of incarceration imposed by the Court, it appears that Salyers served his sixty-day confinement at the Laurel County Detention Center (June 6, 2012, to August 6, 2012). Salyers claims that, on the second day of detention, he suffered a heart attack. He contends that, rather than providing hospitalization or other proper medical care, he was "thrown into the 'drunk tank' for detoxification for an imaginary drug addiction." [Record No. 1; Complaint, ¶ 1][2]

---

[1] The record of the criminal action reflects that, on January 9, 2013, Salyers was released from electronic monitoring due to "failing health in combination with his compliance while on supervision." [*Id.*; Record No. 125 therein] The record does not indicate what precipitated entry of the January 9th Order. Thereafter, on February 14, 2013, Salyers' counsel filed a motion to waive community service due, in part, to a heart attack and cardiac catheterization occurring September 21, 2012. The Court granted this motion on February 19, 2013. [*Id.*; Record Nos. 126, 127 therein]

[2] As outlined in the plaintiffs' response to the defendants' original motion to dismiss, Plaintiff Salyers the BOP designated the Laurel County Detention Center as the location for the plaintiff to serve his 60-day sentence. On the first day of service, Salyers was medically evaluated and his vital signs were normal. His

Salyers and his wife, Cathy Salyers, filed the present action on June 3, 2013, asserting claims against the following parties: (i) United States Bureau of Prisons; (ii) Charles E. Samuels, Jr.; (iii) the Laurel County Detention Center³; (iv) Laurel County, Kentucky; (v) the Laurel County Fiscal Court; (vi) Jamie Mosley; (vii) David Westerfield; (viii) Roy Crawford; (ix) Danny Smith; (x) Teddy Benge; (xi) Jeff Book; (xii) Billy Oakley; (xiii) Noah Baker; (xiv) Southern Health Partners, Inc.; and (xv) John and Jane Does 1-10. The action stems from the assertion that, while Plaintiff Michael Salyers was incarcerated at the Laurel County Detention Center, he suffered a heart attack which was mis-diagnosed as a reaction to illegal drug use. More specifically, the plaintiffs claim that, during this detention, Salyers was deprived of medical care and appropriate medications in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

In their original Complaint, the plaintiffs make the following claims regarding Defendants United States Bureau of Prisons and Charles E. Samuels, Jr.:

---

blood pressure was 138/74 and his heart rate was 80. However, on the second day of incarceration, Salyers appeared to be in some distress. At that time, his blood pressure has increased to 207/124; likewise, his heart rate had increased to 120. The plaintiffs' counsel asserts that these increases, together with other visible signs, were "classic signs" of acute myocardial infarction. [Record No. 19, p. 2] The plaintiffs do not assert that a medical evaluation was not performed at that time. Instead, they assert that the condition was mis-diagnosed by a nurse, guard, and other unknown defendants. Medical records apparently indicate that, because it was believed that Salyers had taken illegal "street drugs" (*i.e.*, Xanax), he was segregated from the general jail population and placed in the "drunk tank." [*Id.*]

³       At this stage of the proceedings, the parties have not addressed whether the Laurel County Detention Center is a legal entity capable of being sued. Defendant Mosley is the elected Jailer of Laurel County, Kentucky. Defendant Westerfield is the elected County Judge Executive of Laurel County, while Defendants Crawford, Smith, Benge, Book, Oakley, and Baker are elected magistrates for the county. The plaintiffs claim that John Does 2-10 were employees of the Laurel County Detention Center (*i.e.*, guards, jail employees, or contractors) and responsible for the care and custody of inmates housed at the facility.

7. The Defendant, United States Bureau of Prisons (BOP) is a federal enforcement agency and subdivision of the United States Department of Justice, and is responsible for the administration of prisoners in federal custody. The BOP is charged with establishing and implementing policies and regulations for the safe and humane detention of all prisoners committed to the BOP. The Plaintiff also names the fictitious John Doe 1 as an unknown entity of the United States Government also responsible for the safe and humane detention of federal prisoners that are detained in local jails.

8. The Defendant, Charles E. Samuels, Jr. is the Director of the BOP and he is sued herein in his official capacity.

[Record No. 1; Complaint] The plaintiffs do not allege that the BOP was alerted to any physical conditions requiring medical attention or special placement through information provided in the Presentence Investigation Report prepared in Salyers' criminal case. Instead, they acknowledge that the PSR prepared April 9, 2012, indicated that Salyers' was generally in good health. [*Id*.; Complaint, ¶ 19]

## II.

Defendants Laurel County Detention Center; Laurel County, Kentucky; Laurel County Fiscal Court; Mosley; Westerfield; Crawford; Smith; Benge; Book; Oakley; and Baker (collectively, "the Laurel County Defendants") filed a motion to dismiss the claims asserted against them on June 28, 2013. [Record No. 12] On July 16, 2013, the plaintiffs responded to that motion. [Record No. 16] The issues raised in the Laurel County Defendants' motion was fully briefed on July 29, 2013 with the filing of the defendants' reply memorandum. [Record No. 17]

Defendants Samuels and BOP filed their first Motion to Dismiss on August 5, 2013. [Record No. 18] The plaintiffs responded to that motion on August 22, 2013.[4] At the same time, the plaintiff also moved the Court for leave to amend their complaint under Rule 15 of the Federal Rules of Civil Procedure. The plaintiffs' motion was granted over Defendants Samuels' and BOP's objections and the Amended Complaint was directed to be filed on September 16, 2013. [Record No. 24][5] In relevant part, the Court's Order granting the plaintiffs' motion to amend provided:

> 3. The Laurel County Defendants' Motion to Dismiss [Record No. 12] is **DENIED** without prejudice as moot in light of the filing of an Amended Complaint by the plaintiffs.
>
> 4. The Motion to Dismiss filed by Defendants United States Bureau of Prisons and Charles E. Samuels, Jr., [Record No. 18] is **DENIED** without prejudice as moot in light of the filing of an Amended Complaint by the plaintiffs.
>
> 5. The defendants are given twenty (20) days from this date to respond to the plaintiffs' Amended Complaint.

[Record No. 26]

---

[4] The plaintiffs argued in their response that the Court has jurisdiction over their claims outlined in their original Complaint. Further, they asserted that the Court should allow discovery on the immunity issue. They contended that "there is a clear implication that the [BOP] and [Samuels] have created a system where federal prisoners are placed in non-federal facilities without adequate oversight" with respect to the prisoner's right to receive necessary medical treatment. [Record No. 19] Defendants Samuels and BOP filed their reply to the plaintiffs' arguments on September 5, 2013. [Record No. 21]

[5] The Laurel County Defendants did not object to the plaintiffs' motion to amend their Complaint but contended in their response to the motion that the proposed Amended Complaint did not cure the deficiencies of the original Complaint. [Record No. 25] Notwithstanding this assertion they did not renewed their motion to dismiss. Instead, these defendants filed an Answer to the Amended Complaint on October 29, 2013. [Record No. 30]

Defendants Samuels and BOP responded to the Amended Complaint by again moving to dismiss the claims asserted against them. [Record No. 29] The motion was filed on October 17, 2013; however, the plaintiffs have not filed a response.

**III.**

As outlined in the current motion, the claims asserted against the BOP must be dismissed because, as an agency of the United States, it is entitled to sovereign immunity. Likewise, the claims asserted against Defendant Samuels in his official capacity must be dismissed for the same reason. The remaining claims asserted against Samuels in his individual capacity must be dismissed because the plaintiffs have not claimed that he expressly authorized, approved or knowingly acquiesced in the allegedly improper conduct.

As an initial matter, to state a cognizable claim under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff must allege that he or she has been deprived of rights secured by the United States Constitution or laws of the United States. Second, the plaintiff must demonstrate that the defendant who deprived him or her of those rights was acting under color of state law. *Id.* at 397. And while it is well-settled that federal courts lack jurisdiction to consider actions seeking monetary damages against the United States unless sovereign immunity has been waived, it is equally clear that a *Bivens* claim may not be asserted against a federal officer acting in his or her official capacity.[6]

---

[6] A damage claim asserted against a federal employee while acting in his or her official capacities is deemed to be a claim asserted against the United States. Such a claim, therefore, is barred under the doctrine of sovereign immunity unless immunity has been waived. *Meyers & Meyers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975). It is equally insufficient to assert a claim against Defendant Samuels in a supervisory role under the doctrine of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 667

*United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). *See also Humphrey v. U.S. Probation Dept.*, 221 F.3d 1334 *2 (6th Cir. 2000) (unpublished). This doctrine extends to agencies of the United States such as the BOP. *Miller v. Federal Bureau of Investigation*, 1998 U.S. App. LEXIS 15148, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ('the doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages"); *Okoro v. Scibana*, 2003 U.S. App. LEXIS 6486, **4 (6th Cir. 2003) (a federal prisoner may not bring a *Bivens* action against the BOP); and *Smith v. Grady*, 2013 U.S. Dist. LEXIS 9295 (S.D. Ohio, January 23, 2013).

Likewise, for the reasons outlined in the defendants' memorandum, Defendant Samuels is also entitled to qualified immunity for those claims asserted against him in his individual capacity. *Hall v. United States*, 704 F.2d 246, 249 (6th Cir. 1983) (a governmental official acting within the scope of his official conduct is entitled to qualified immunity if he or she acted in good faith); *Lee v. Mich. Parole Bd.*, 2004 U.S. App. LEXIS 13709 (6th Cir. June 23, 2004) (claims against individual defendants properly dismissed where plaintiff failed to allege that the defendants were personally involved or responsible for the alleged violations of his constitutional rights).[7] To properly assert a claim against a

---

(2009); *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir. 1978). Instead, personal involvement is required.

[7] As the defendants note in their supporting memorandum, while the Supreme Court's decision in *Monell v. Dept. of Soc. Servs. City of New York*, 436 U.S. 658 (1978), permits civil rights actions to be asserted against municipalities and other local governmental agencies, it does not extend to federal agencies. *Id*. at 690-91.

federal official in his or her individual capacity, the plaintiff must describe the personal deprivation of his or her constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

In the present case, the defendants have raised the issue of qualified immunity but the plaintiffs have not provided any objective or subjective proof to overcome the claim. The defendants note in their supporting memorandum that the plaintiffs' allegation that Samuels was "exposed" to information does not demonstrate that he was, in fact, knowledgeable about Salyers' medical condition or that Samuels was instrumental – or even involved – in the decision to deny any care to the plaintiff. Under the circumstances presented, dismissal is appropriate. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006) (once a qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the official is not entitled to qualified immunity).

In addition to the foregoing reasons, Samuels argues that the plaintiffs' Amended Complaint does not contain sufficient allegations against him to overcome a motion to dismiss. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that, in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation").

Here as in *Iqbal*, when a plaintiff assert that a high-ranking government official was involved in unconstitutional actions, he or she needs to plead factual information that allows a court to draw reasonable inferences that the official is liable for the misconduct alleged. *Iqbal* at 678. Additionally, where a complaint is factually deficient, the plaintiff is not entitled to seek to fill in the blanks by conducting discovery. *Id.* at 664-65; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007). And conclusory allegations that Samuels' actions – or the actions of contractors and/or employees – constituted deliberate indifference

to the plaintiff's medical needs are not entitled to a presumption of truth in evaluating the motion.

Finally, the plaintiff are incorrect in their assertions that the holding in *Iqbal* is either inapplicable or distinguishable. [*See* Record No. 19, pp. 3-4.] Contrary to the plaintiffs' argument, *Iqbal* is not limited to matters involving national security issues. *See Han v. Univ. of Dayton*, 2013 U.S. App. LEXIS 22788 (6th Cir. Nov. 13, 2013) (applying the plausibility standard set forth in *Iqbal* and *Twombly* in evaluating the dismissal of claims of race and gender discrimination brought under 42 U.S.C. § 1981); *Mellentine v. Ameriquest Mort. Co.*, 2013 U.S. App. LEXIS 3353 (6th Cir. February 14, 2013) (applying the plausibility standard set forth in *Iqbal* and *Twombly* in evaluating the dismissal of claims under the Fair Debt Collection Practices Act and the Real Estate Settlement and Procedures Act); and *Sykes v. United States*, 2012 U.S. App. LEXIS 24759 (6th Cir. November 29, 2012) (evaluating the dismissal of *Bivens* claims under the plausibility standard set forth in *Iqbal* and *Twombly*).

**IV.**

The claims asserted in the plaintiffs' Amended Complaint against Defendants BOP and Samuels in his official capacity are barred by the doctrine of sovereign immunity. Likewise, the claims asserted against Defendant Samuels in his individual capacity are barred by qualified immunity and because the Amended Complaint does not state a claim against this defendant upon which relief could be granted. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendants the United States Bureau of Prisons' and Charles E. Samuels, Jr.'s Motion to Dismiss [Record No. 29] is **GRANTED**.

2. The claims asserted in this action against Defendants the United States Bureau of Prisons and Charles E. Samuels, Jr., are **DISMISSED**, with prejudice.

This 25th day of November, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge